UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN,<br>CDCR #P-99062,<br><br>                              Plaintiff,<br>v.<br><br>C. CAMBERO, et al.,<br><br>                            Defendants. | Case No.: 21-CV-283 JLS (MDD)<br><br>**ORDER: (1) GRANTING MOTION FOR RECONSIDERATION AND (2) VACATING ORDER DISMISSING ACTION FOR FAILURE TO PAY FILING FEE**<br><br>(ECF Nos. 7, 11) |

      On February 12, 2021, Plaintiff Charles Chatman ("Plaintiff"), incarcerated at Solano State Prison in Vacaville, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging his federal constitutional rights were violated while housed at Centinela State Prison in Imperial, California. *See* ECF No. 1. Plaintiff's Complaint was accompanied by neither the requisite civil filing fees nor a motion to proceed *in forma pauperis* ("IFP").

      On March 3, 2021, Plaintiff requested an extension of time to pay the filing fees, which the Court granted, and on March 26, 2021, he filed a motion to proceed IFP. *See* ECF Nos. 2–4. Plaintiff later clarified that he did not wish to proceed IFP in this case and requested a further extension of time to pay the filing fees. *See* ECF No. 5. Accordingly,

the Court granted a second extension of time to pay the filing fees until May 3, 2021. *See* ECF No. 6. On June 2, 2021, after that deadline had passed without any indication of payment of the filing fees, the Court denied Plaintiff's application to proceed IFP based on Plaintiff's express indication that he did not wish to proceed IFP and dismissed this action for failing to pay the civil filing fees. *See* ECF No. 7 (the "Order").

As it turns out, Plaintiff paid the necessary filing fees on April 29, 2021; however, due to what appears to be a clerical error, the payment was not posted to the Court's docket until June 24, 2021. *See* ECF No. 9. On June 28, 2021, Plaintiff filed the instant motion for reconsideration of the Order. *See* ECF No. 11 (the "Motion").

Federal Rule of Civil Procedure 60 permits, in relevant part, the Court to "relieve a party" from the effects of a "final judgment, order, or proceeding for," among other things, "mistake" or "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(6). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The decision whether to grant or deny a motion for reconsideration is within a court's discretion. *See Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

The Court finds that Plaintiff paid the civil filing fees within the time limit set by the Court, and accordingly the Order either was clearly erroneous or manifestly unjust. Accordingly, the Court **GRANTS** Plaintiff's Motion and **VACATES** the Order. A separate order screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(b) will follow. *See Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (noting that 28 U.S.C. § 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'") (quoting 28 U.S.C. § 1915A(a)) (alterations in original); *see also Olivas v. Nevada ex rel. Dep't of Corr.*, 856

| | |
|---|---|
| 1 | F.3d 1281, 1283 (9th Cir. 2017) ("'On review [under 28 U.S.C. § 1915A(a)], the court shall |
| 2 | . . . dismiss the complaint, or any portion of the complaint,' if it '(1) is frivolous, malicious, |
| 3 | or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from |
| 4 | a defendant who is immune from such relief.'") (quoting 28 U.S.C. § 1915A(b)). |

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion (ECF No. 11) and **VACATES** the Order dismissing this action for failure to timely pay the filing fees (ECF No. 7).

**IT IS SO ORDERED.**

Dated: July 7, 2021

Hon. Janis L. Sammartino
United States District Judge