# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN, CDCR #P-99062,<br><br>                          Plaintiff,<br><br>v.<br><br>E.M. SAUCEDO, Correctional Lieutenant, and MANAIG, Correctional Nurse,<br><br>                          Defendants. | Case No.: 21-CV-283 JLS (MDD)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* FOR PURPOSES OF U.S. MARSHAL SERVICE PURSUANT TO 28 U.S.C. § 1915(d) AND FEDERAL RULE OF CIVIL PROCEDURE 4(c)(3)**<br><br>(ECF No. 24) |

Presently before the Court is Plaintiff Charles Chatman's ("Plaintiff" or "Chatman") Motion to Proceed *in Forma Pauperis* ("IFP") ("IFP Mot.," ECF No. 24). Having considered Plaintiff's Motion and the law, the Court **GRANTS** the IFP Motion for purposes of U.S. Marshal service only, for the reasons provided below.

## BACKGROUND

On February 12, 2021, Plaintiff, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl."). Plaintiff claimed that, while housed at Centinela State Prison in San Diego, California ("Centinela"), he received inadequate medical care, was retaliated against, had mail and personal property

///

stolen, and was denied due process in connection with a disciplinary charge. *See id*. at 4–14.

This case was initially dismissed due to Plaintiff's failure to prepay the civil filing fee or qualify to proceed IFP. *See* ECF No. 7. After several extensions of time, Plaintiff paid the civil filing fee. *See* ECF No. 9. Accordingly, on October 27, 2021, the Court screened the Complaint pursuant to 28 U.S.C. § 1915A(b), which requires *sua sponte* dismissal of a prisoner's complaint, or any portion of it, that is frivolous, is malicious, fails to state a claim, or seeks damages from immune defendants. *See* ECF No. 13. The Court found Plaintiff's Complaint failed to state a claim upon which relief may be granted, informed Plaintiff of the deficiencies of pleading, and granted Plaintiff leave to amend on or before December 13, 2021. *Id*. at 6–18.

After two extensions of time, Plaintiff timely filed a First Amended Complaint ("FAC") on May 9, 2022, *see* ECF No. 21, accompanied by a motion for an extension of time to file the FAC one day late, *see* ECF No. 20. On June 14, 2022, the Court denied the motion for extension of time as moot and screened the FAC. *See* ECF No. 22. The Court dismissed all claims against all Defendants with prejudice and without further leave to amend, except Plaintiff's Eighth Amendment deliberate indifference to medical care claim against Defendant Nurse Manaig and Plaintiff's Fourteenth Amendment due process claim against Defendant Saucedo. *See id*. at 16. The Court directed the Clerk of Court to issue a summons upon those Defendants and notified Plaintiff that, because he was not proceeding IFP, he was not automatically entitled to United States Marshal Service and was responsible for having the summons and FAC served within 90 days of the date of the June 14, 2022, Order. *See id*. at 16–17 & 17 n.2.

On June 14, 2022, the Clerk issued a summons as to Plaintiff's FAC as required by Federal Rule of Civil Procedure 4(b). *See* ECF No. 23. However, no proof of service has been filed to date. Rather, on July 5, 2022, Plaintiff filed the instant IFP Motion. *See* IFP Mot.

///

**MOTION TO PROCEED *IN FORMA PAUPERIS***

Because Plaintiff's IFP Motion indicates he currently has no funds in his prison trust account, and he has already paid the civil filing required to commence this action but has yet to serve any Defendant, the Court construes the motion as one seeking IFP status for purposes of United States Marshal service only. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases."); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court must so order if a plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.").

Although Plaintiff paid the initial $402 civil and administrative filing fee, *see* ECF No. 9, he may still be eligible to proceed IFP. As a practical matter, a request to proceed IFP is almost always filed at the onset of the case. *See* 28 U.S.C. § 1915(a) ("[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore . . . ."). But an IFP request need not be filed at any particular time and may be initiated at any stage of a proceeding, since a person who is not an indigent when he first files a suit may become one during or prior to its prosecution. *See Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) ("IFP status may be acquired or lost throughout the course of the litigation . . . ."), *aff'd in pertinent part sub. nom Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995).

The Court now finds Plaintiff's IFP Motion, when considered in light of Plaintiff's pro se and incarcerated status, is sufficient to demonstrate that, since the commencement of this action, Plaintiff has become financially unable to execute service upon the Defendants on his own behalf and to timely pursue the prosecution of his case. Indeed, had Chatman filed a motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) at the onset of this litigation, the Court would have automatically directed the U.S. Marshal to effect service on his behalf. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

**CONCLUSION**

In light of the foregoing, the Court:

1. **GRANTS** Plaintiff's IFP Motion (ECF No. 24) pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3) for purposes of U.S. Marshal service only;

2. **DIRECTS** the Clerk of the Court to reissue a summons upon Defendants Nurse Manaig and E.M. Saucedo as identified in Plaintiff's First Amended Complaint (ECF No. 21) and forward the summons to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk of the Court **SHALL PROVIDE** Plaintiff with certified copies of this Order, Plaintiff's First Amended Complaint, and the reissued summons. Upon receipt of this "IFP Package," Plaintiff must complete the U.S. Marshal Form 285s as completely and accurately as possible; *include an address where each Defendant may be served*, *see* S.D. Cal. CivLR 4.1.c; and return them to the United States Marshal according to the instructions the Clerk of the Court provides in the letter accompanying the IFP Package;

3. **ORDERS** the U.S. Marshal to serve a copy of the First Amended Complaint and summons upon Defendant Nurse Manaig and E.M. Saucedo as directed by Plaintiff on the U.S. Marshal Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

4. **ORDERS** Defendants, once served, to reply to Plaintiff's First Amended Complaint and any subsequent pleading Plaintiff files in this matter in which Defendants are named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (providing that, while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening, Defendants are required to respond); and

/ / /

5.     **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Federal Rule of Civil Procedure 5(b).  Plaintiff must include with every original document he seeks to file with the Clerk of the Court a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel and the date of that service.  *See* S.D. Cal. CivLR 5.2.  Any document received by the Court that has not been properly filed with the Clerk of the Court or fails to include a certificate of service upon Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED.**

Dated: July 11, 2022

Hon. Janis L. Sammartino
United States District Judge