1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11

CHARLES CHATMAN,

12

Plaintiff,

13

v.

14

G. CAMBERO, et al.,

15

Defendants.

16
17

Case No.: 21cv283-JLS(LR)

**ORDER GRANTING DEFENDANTS'
MOTION TO AMEND ANSWER
[ECF NO. 33]**

18    Pending before the Court is Defendants' "Motion for Leave to Amend Answer"

19  ("Motion to Amend").  (ECF No. 33 ("Mot.").)  For the following reasons, the Court

20  **GRANTS** the Motion to Amend.

21    **I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

22    On February 12, 2021, Plaintiff, a state prisoner proceeding pro se, filed this civil

23  rights action pursuant to 42 U.S.C. § 1983.  (See ECF No. 1.)  Plaintiff claimed in his

24  Complaint that while he was housed at Centinela State Prison, he received inadequate

25  medical care, was retaliated against, had mail and personal property stolen, and was

26  denied due process in connection with a disciplinary charge.  (See id.)  On October 27,

27  2021, the District Judge screened the Complaint pursuant to 28 U.S.C. § 1915A(b), found

28

1

1  that the Complaint failed to state a claim upon which relief may be granted, and granted

2  Plaintiff leave to amend.  (ECF No. 13 at 6–18.)

3      Plaintiff filed a First Amended Complaint ("FAC") on May 9, 2022.  (ECF No.

4  21.)  On June 14, 2022, the District Judge issued a screening order dismissing all claims

5  in Plaintiff's FAC against all Defendants with prejudice and without further leave to

6  amend, except Plaintiff's Eighth Amendment deliberate indifference to medical care

7  claim against Defendant Nurse Manaig and Plaintiff's Fourteenth Amendment due

8  process claim against Defendant Correctional Lieutenant Saucedo.  (See ECF No. 22 at

9  16.)

10     In his Eighth Amendment deliberate indifference claim against Defendant Manaig,

11  Plaintiff alleges that on January 31, 2018, he went to the infirmary to see a doctor

12  because of pain and stiffness in his left thumb.  (Id. at 2; ECF No. 21-1 at 1.)  Plaintiff

13  claims that Manaig knew or should have known, based on Plaintiff's medical records and

14  medical literature, that Plaintiff could not take Naproxen due to his history of heart

15  disease, high blood pressure, high cholesterol, asthma, and colitis.  (ECF No. 21-1 at 1–

16  2.)  When Plaintiff pointed out to Defendant Manaig that Naproxen presented a danger to

17  him due to his medical conditions, Manaig became angry and told him to leave.  (Id. at

18  2.)  As a result, Plaintiff's thumb became more swollen and painful, and Plaintiff has yet

19  to be examined by a doctor.  (Id.)

20     In his Fourteenth Amendment due process claim against Defendant Saucedo,

21  Plaintiff alleges that Saucedo acted as the senior hearing officer with respect to a

22  disciplinary hearing on an RVR for possession of a sim card.  (ECF No. 21 at 2; ECF No.

23  21-1 at 5.)  Plaintiff objected to Saucedo presiding over the hearing "due to past hostile

24  incidents between them," including a threat to "make plaintiff's life miserable if he kept

25  writing grievances against security and escort ('S&E') officers," and "having [Plaintiff's]

26  cell searched and legal documents censored after plaintiff filed another grievance against

27  personnel."  (ECF No. 21-1 at 5.)  Plaintiff alleges that Saucedo "told him that "he

28  disliked him for complaining all of the time."  (Id.)  Plaintiff requested a copy of the

1    evidence before the hearing, but was only given "a few images that could not be

2    identified." (Id.)  Defendant Saucedo subsequently found Plaintiff guilty of the RVR,

3    subjected Plaintiff to a forfeiture of 30 days conduct custody credits, which Plaintiff

4    alleges "lengthened the duration of his incarceration." (Id. at 6.)

5         On September 26, 2022, Defendants filed an Answer to Plaintiff's FAC. (ECF No.

6    29.) On September 29, 2022, Magistrate Judge Dembin issued a Scheduling Order

7    Regulating Discovery and Other Pre-Trial Proceedings ("Scheduling Order"), which set

8    October 26, 2022, as the deadline to amend the pleadings, and April 26, 2023, as the

9    deadline to complete fact discovery. (ECF No. 31 at 1–2.)  On October 4, 2022, the case

10   was transferred from Judge Dembin to this Court. (ECF No. 32.)

11        On October 26, 2022, Defendants filed the instant motion seeking leave to amend

12   their Answer to Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 15(a)(2).

13   (Mot. at 1–2.)  On November 4, 2022, the Court issued a briefing schedule setting

14   November 30, 2022, as the deadline for Plaintiff to file a response to Defendants' Motion

15   to Amend. (ECF No. 34 at 2.)  Plaintiff has not filed a response to Defendants' motion.

16   (See Docket.)

17                          **II.  LEGAL STANDARD**

18        A party may amend its pleading once as a matter of course within: "(A) 21 days

19   after serving it, or (B) if the pleading is one to which a responsive pleading is required,

20   21 days after service of a responsive pleading or 21 days after service of a motion under

21   Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).  Otherwise, "a

22   party may amend its pleading only with the opposing party's written consent or the

23   court's leave." Fed. R. Civ. P. 15(a)(2).  Courts "should freely give leave [to amend]

24   when justice so requires." Id.  That policy should be "applied with extreme liberality."

25   United States v. $11,500 in U.S. Currency, 710 F.3d 1006, 1013 (9th Cir. 2013) (quoting

26   Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)).

27        "[O]nce a scheduling order has been issued in a case, amendments to pleadings are

28   governed in the first instance by Rule 16 rather than Rule 15." Soto v. Gines, No. 11–

1    CV–235–LAB (JMA), 2013 WL 4517296, at *1 (S.D. Cal. Aug. 22, 2013) (citing

2    Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992)); see also

3    C.F. v. Capistrano Unified Sch. Dist., 647 F.Supp.2d 1187, 1190 (C.D. Cal. July 27,

4    2009) ("In the Ninth Circuit, a request for leave to amend made after the entry of a

5    Rule 16 Scheduling Order is governed primarily by Rule 16(b)."). Under Federal Rule of

6    Civil Procedure 16, scheduling orders may be modified "only for good cause and with the

7    judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s "good cause" standard considers

8    the diligence of the party seeking amendment. Johnson, 975 F.2d at 609. If good cause

9    is shown, the party must then demonstrate that amendment is proper under Federal Rule

10   of Civil Procedure 15. See id.; see also Fed. R. Civ. P. 15, 16(b).

11        District courts should consider the following factors when deciding whether to

12   grant leave to amend: (1) undue delay; (2) the movant's bad faith or dilatory motive;

13   (3) repeated failure to cure deficiencies by previously allowed amendments; (4) prejudice

14   to the opposing party; and (5) futility. Brown v. Stored Value Cards, Inc., 953 F.3d 567,

15   574 (9th Cir. 2020) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "Absent

16   prejudice, or a strong showing of any of the remaining Foman factors, there exists a

17   *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Cap.,

18   LLC, 316 F.3d at 1052.

### III.  DISCUSSION

20        Defendants argue that the requested amendment is warranted because their factual

21   investigation "revealed that an admission in Defendants' original answer requires

22   clarification and a more specific response." (Mot. at 2.) Further, they state that they filed

23   the proposed Amended Answer by the deadline to amend the pleadings set in the

24   Scheduling Order. (Id. (citing (ECF No. 31 at 1).) Defendants also contend that they did

25   not unduly delay the proceeding, did not act in bad faith or with dilatory motive, and their

26   proposed amendment will not prejudice Plaintiff. (Id.)

27   / / /

28   / / /

21cv283-JLS(LR)

1    Defendants filed their Answer on September 26, 2022, and moved to file the

2 proposed Amended Answer thirty days later on October 26, 2022.  (See ECF Nos. 29,

3 33.)  More than twenty-one days have elapsed since Defendants filed their Answer, and

4 although Plaintiff has not filed an opposition to Defendants' Motion to Amend, he has

5 not given his consent to the filing of the Amended Answer.  (See Mot.; ECF No. 34.)

6 Accordingly, Defendants require leave of Court to amend their Answer.  See Fed. R. Civ.

7 P. 15(a)(2).

8    Plaintiff alleges in Paragraph 85 of his FAC that "[t]he defendant found plaintiff

9 guilty of the RVR, then subjected him to a forfeiture of 30 days conduct credits, which

10 lengthen the duration of his incarceration."  (ECF No. 21-1 at 6.)  In their Answer to this

11 paragraph in Plaintiff's FAC, Defendants stated the following: "Defendant Saucedo

12 admits that he found Plaintiff guilty of RVR Log No. 2406224 which included a

13 disposition of 30 days credit loss, and admits that the credit loss lengthened the duration

14 of Plaintiff's incarceration."  (ECF No. 29 at 11.)  The Amended Answer is identical to

15 the Answer, except Defendants seek to clarify their response as follows: "Defendant

16 Saucedo admits that he found Plaintiff guilty of RVR Log No. 2406224 which included a

17 disposition of 30 days credit loss.  Defendant Soto denies the remaining allegations in

18 this paragraph."  (ECF No. 33-1 at 11; see also ECF No. 33-2 at 11.)  As such,

19 Defendants seek to replace the language that Defendant Saucedo "admits that the credit

20 loss lengthened the duration of Plaintiff's incarceration" with "Defendant Soto denies the

21 remaining allegations in this paragraph."  (See No. 29 at 11; ECF No. 33-2 at 11.)

22    Defense counsel states in her supporting declaration that after Defendants filed

23 their Answer, "[s]ubsequent investigation has revealed that Plaintiff is serving an

24 indeterminate sentence."  (Mot., Decl. of Sarah E. Singer ("Singer Decl.") at 4.)  Defense

25 counsel further states that if a prisoner is serving a definite sentence, a loss of good-time

26 credits sanction will lengthen his sentence in accordance with the sanction, but "this is

27 not the case where a [prisoner] is serving an indeterminate sentence."  (Id. (citing Venson

28 v. Jackson, Case No.: 18CV2278-BAS (BLM), 2019 WL 3072308, at *5 (S.D. Cal.

1   July 15, 2019)[1].)  She further states that Defendants seek to amend their Answer "to

2   conform to this evidence."  (Id.)

3          As noted above, Defendants moved to amend the Answer thirty days after the

4   Answer was filed, and after they conducted a factual investigation, which revealed that

5   Plaintiff is serving an indeterminate sentence.  (See ECF Nos. 29, 33-1.)  Further,

6   Defendants moved to amend the Answer less than a month after the Court issued a

7   Scheduling Order in this case and within the deadline to amend the pleadings.  (See ECF

8   No. 31 at 1; Mot.)  The Court therefore finds that Defendants were diligent.  See Johnson,

9   975 F.2d at 609 (Rule 16(b)'s "good cause" standard considers the diligence of the party

10  seeking amendment).

11         Likewise, the Court does not find any evidence of undue delay.  Defendants have

12  not requested any extensions of the scheduling deadlines and moved to amend "promptly

13  after learning of the clarification required in their Answer."  (See Singer Decl. at 5; see

14  also Docket.)  The record before the Court does not contain any evidence of Defendants'

15  bad faith or intent to delay this proceeding.  Additionally, Defendants have not previously

16  moved to amend their Answer.  (See Docket.)

17         Turning to the issue of any alleged prejudice to Plaintiff, the Court notes that

18  Defendants' proposed amendment will not add new affirmative defenses; rather, it will

19  clarify their Answer.  Further, discovery is at its early stage and is ongoing.  The

20  proposed amendment will not necessitate additional discovery, with its associated

21  expenditures of time and cost, and will not require any amendment to the Court's

22  Scheduling Order.  Notably, despite being given an opportunity to oppose Defendants'

23  Motion to Amend, Plaintiff has not done so.  (See ECF Nos. 33, 34); see also S.D. Cal.

24

25  [1]  The Venson court noted that "[i]f a plaintiff is serving a definite sentence, a loss of good-time credits
26  sanction will lengthen the prisoner's sentence in accordance with the sanction; however, this is not the
    case where a plaintiff is serving an indeterminate sentence."  Venson, 2019 WL 3072308, at *5 (citing
27  Vandervall v. Feltner, No. CIV S–09–1576 DAD P, 2010 WL 2843425, at *6 (E.D. Cal. July 19, 2010)).

28

21cv283-JLS(LR)

1    Civ. R. 7.1(f)(3)(c) (providing that failure to oppose a motion "may constitute a consent

2    to the granting of a motion or other request for ruling by the Court."). The Court

3    therefore finds that Defendants' proposed amendment will not unduly prejudice Plaintiff.

4         Finally, the Court finds that the requested amendment would not be futile. The

5    primary purpose of a motion to amend is "to facilitate decision on the merits, rather than

6    on the pleadings or technicalities.'" Bordegaray v. Cnty. of Santa Barbara, Case No.

7    2:14-cv-08610-CAS-JPR, 2016 WL 7223254, at *4 (C.D. Cal. Dec. 12, 2016) (quoting

8    United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)). As such, allowing

9    Defendants to amend their Answer in this case will promote the policy of adjudicating the

10   case on the merits.

11        In sum, good cause exists to allow Defendants leave to amend their Answer.

12   Further, all five factors considered by courts in deciding whether to grant leave to amend,

13   including the absence of prejudice factor which carries the "most weight," weigh in favor

14   of allowing the proposed amendment. See Foman, 371 U.S. at 182; Brown, 953 F.3d at

15   574; Eminence Cap., LLC, 316 F.3d at 1052. The Court therefore **GRANTS**

16   Defendants' Motion to Amend. See Young v. Washington State Dep't of Corr., Case No.

17   C18-5681-RBL-TLF, 2019 WL 2450904, at *2 (W.D. Wash. June 11, 2019) (granting

18   leave to amend defendants' answer, where the proposed amendments sought to "add

19   admissions and clarify denials by defendants to the allegations of plaintiff's complaint in

20   addition to adding a jury demand."); see also Politzer v. Castillejos, CASE NO. 07-cv-

21   0457 DMS (AJB), 2009 WL 10725742, at *3 (S.D. Cal. May 19, 2009) (granting motion

22   to amend answer to include an affirmative defense, noting that "leave to amend furthers

23   the interests of justice and promotes the policy of adjudicating this case on the merits.").

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

## IV. CONCLUSION

The Court **GRANTS** Defendants' Motion to Amend [ECF No. 33]. Defendants must file the Amended Answer to Plaintiff's FAC that was attached to their Motion to Amend [ECF No. 33-1] on or before **December 19, 2022**.

**IT IS SO ORDERED.**

Dated:  December 14, 2022

_____

Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge

21cv283-JLS(LR)